# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW FIELDS, III, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 07-cv–346-DRH ) |
| FEDERAL BUREAU OF PRISONS, *et al.*, | ) ) ) ) |
| Defendants. | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Plaintiff filed the instant action accompanied with a motion to proceed *in forma pauperis* (*see* Docs. 1 and 4). On September 4, 2007, the Court granted Plaintiff's *in forma pauperis* motion (Doc. 5), assessed an initial partial filing fee, and directed that monthly payments be made towards the filing fee from Plaintiff's prison account. *Id*. The Court now revisits the decision to grant Plaintiff *in forma pauperis* status and permit him to pay the full filing fee in installments.

**DISCUSSION**

Title 28 U.S.C. § 1915 gives authority to federal courts to "authorize the commencement . . . of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees[.]" That authority, however, is constrained by § 1915(g) which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is

> frivolous, malicious, or fails to state claim upon which relief my be
> granted, unless the prisoner is under imminent danger of serious
> physical injury.

28 U.S.C. § 1915(g). This provision is sometimes referred to as the "three strikes rule." When an action is dismissed as frivolous, malicious, or for failing to state a claim, it is sometimes stated that such dismissal is a "strike" for purposes of § 1915(g). If a prisoner accumulates three "strikes" he is out of luck in so far as proceeding *in forma pauperis*, unless he can establish that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A court reviewing a prisoner's motion to proceed *in forma pauperis* must determine whether the prisoner has accumulated 3 or more prior "strikes." If so, the prisoner cannot proceed *in forma pauperis* (unless he alleges that he is under "imminent danger of serious physical injury"). Because § 1915(g) operates to prevent an action from being "brought" if the prisoner has "on . . . ***prior*** occasions" accrued too many strikes, strikes incurred *after* an action is "brought" do not factor into the Court's *in forma pauperis* analysis.

The instant complaint was filed on May 10, 2007. Consequently, this Court must examine any dismissals occurring prior to that date in any of Plaintiff's other civil actions. In reviewing Plaintiff's complaint, the Court has discovered at least three cases in which Plaintiff had a complaint or portion of a complaint dismissed prior to May 10, 2007.

In *Fields v. Department of Corrections*, Case No. 04-cv-1245-WWE (D. Conn.), the United States District Court dismissed several claims and defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) on November 14, 2005. Although the Court allowed other claims asserted by Plaintiff to go forward, this dismissal counts as a strike for purposes of § 1915(g). *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir.

2004). This is strike one.

In *Fields v. Stepp*, Case No. 03-cv-291-GPM (S.D. Ill.), the Court dismissed several counts of the complaint for failing to state a claim pursuant to 28 U.S.C. § 1915A on July 7, 2004. Again, even though the Court allowed other claims asserted by Plaintiff to go forward, this dismissal counts as a strike for purposes of § 1915(g). *See George v. Smith,* 507 F.3d at 607-08; *Boriboune v. Berge,* 391 F.3d at 855. This is strike two.

In *Fields v. Stepp*, Case No. 03-cv-525-JLF (S.D. Ill.), the Court dismissed Plaintiff's due process claim pursuant to 28 U.S.C. § 1915A on July 7, 2004. As noted above, even though the Court allowed other claims asserted by Plaintiff to go forward, this dismissal counts as a strike for purposes of § 1915(g). *See George v. Smith,* 507 F.3d at 607-08; *Boriboune v. Berge,* 391 F.3d at 855. This is strike three.

Because these dismissals count as strikes, Plaintiff has "struck out." A review of Plaintiff's allegations do not indicate that he is under "imminent danger of serious physical injury." Consequently, Plaintiff may not proceed *in forma pauperis*.

**IT IS HEREBY ORDERED** that the order granting Plaintiff's motion for leave to proceed *in forma pauperis* is **VACATED**, and such leave is **REVOKED** and **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay the full filing fee of $350 for this action within **FIFTEEN (15) DAYS** of the entry of this Memorandum and Order.

**IT IS FURTHER ORDERED** that if Plaintiff does not comply with this Memorandum and Order in the time allotted, this case will be closed for failure to pay the filing fee and for failure to comply with an order of this Court. FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS FURTHER ORDERED** that Plaintiff's motion for status of case (Doc. 16) is **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED: December 17, 2008**

/s/   DavidRHerndon
**DISTRICT JUDGE**